United States District Court
Middle District of Florida
Jacksonville Division

BRENTON J. JOHNSON, SR.,

     *Plaintiff*,

v.                            No. 3:22-cv-479-MMH-PDB

SGT. E. MILLER,

     *Defendant*.

---

### ORDER

The plaintiff sues the defendant, Sergeant Miller, under 42 U.S.C. § 1983. Doc. 1. The plaintiff alleges the defendant violated the Eighth Amendment by orchestrating, and failing to protect him from, another inmate's physical attack. *See generally id.*

The plaintiff, through counsel, asks the Court to either (1) appoint the United States Marshals Service (USMS) to serve a Federal Rule of Civil Procedure 45 subpoena commanding the attendance at a deposition of former Florida Department of Corrections (FDOC) employee Peyton Williamson; or (2) compel the FDOC to comply with the plaintiff's Rule 45 subpoena commanding the FDOC to produce Williamson's current or last-known contact information, including address and telephone number. Doc. 35. The plaintiff wants to depose Williamson because the defendant identified Williamson as a witness.

*Id.*; *see also* Doc. 35-1 at 1-2.

The FDOC does not oppose confidentially providing the USMS Williamson's contact information if the Court appoints the USMS to serve him but objects to providing his contact information to the plaintiff because "the requested information is confidential and [ ] exempt from disclosure" under sections 119.071(4) and 945.10(1)(e), Florida Statutes. Doc. 35-4 at 1. The defendant does not oppose either request. Doc. 35 at 5.

Under Florida law, the FDOC must maintain the confidentiality of information in its possession if its release "would jeopardize a person's safety" and the information is exempt from public disclosure under chapter 119. Fla. Stat. § 945.10(1)(e), (5). Home addresses and telephone numbers of active and former law enforcement and correctional officers are confidential and exempt from public disclosure. Fla. Stat. § 119.017(4)(d)2. But the FDOC's confidentiality obligation "does not limit any right to obtain records by subpoena or other court process." § 945.10(6). Courts have held Florida's public records laws do not apply to proper subpoenas issued in the regular course of discovery for a federal civil action and have granted discovery requests for documents or information generally protected under Florida law. *See, e.g.*, *Weimar v. Fla. Dep't of Corr.*, No 5:19-cv-548-CEM-PRL, 2020 WL 1451716, at *4 (M.D. Fla. Mar. 25, 2020) (ruling chapter 119 did not apply to a plaintiff's discovery request for prison's video footage in federal civil rights action); *Reiser v. Wachovia Corp.*, No. 6:06-cv-795-PCF-KRS, 2007 WL 1696033, *2-*3 (M.D. Fla. June 12, 2007) (ruling chapter 119 did not apply to a plaintiff's Rule 45 subpoena seeking surveillance footage of bank robbery). Because the plaintiff requests this information as a party and under a proper subpoena, Florida law protecting the information is inapplicable. Williamson has knowledge relevant

to the claims and defenses, and the plaintiff's interest in deposing him outweighs the FDOC's interest in nondisclosure of his contact information. While the plaintiff proposed an unopposed alternative to compelling production of Williamson's contact information, the Court aims to expedite discovery and conserve marshal resources.

Thus, the Court **grants** the plaintiff's motion, Doc. 35, to the extent that, by **September 29, 2023**, the FDOC must provide the plaintiff's counsel Peyton Williamson's contact information in response to the Rule 45 subpoena. Recognizing the important reasons behind maintaining the information confidential, counsel must not share the information with anyone besides counsel or staff and the process server and staff (akin to an "attorneys eyes only" restriction) and must use the information only to effect service of the subpoena. In the event the information must be in a paper filed on the public docket, the information must be redacted.

The Court **grants** the plaintiff's request to extend the discovery deadlines, Doc. 35, to the extent these deadlines apply:

| Event | Deadline |
|---|---|
| Request discovery | At the latest by **October 23, 2023** |
| File any motion to compel | At the latest by **November 6, 2023** |
| Complete discovery | **November 21, 2023** |
| File any dispositive motion, including a motion raising qualified immunity | At the latest by **January 22, 2024** |
| File a response to any dispositive motion | At the latest by **March 7, 2024** |

The Court directs the **clerk** to provide a copy of this order to Alexandria Williams, Assistant General Counsel for the Florida Department of Corrections.

**Ordered** in Jacksonville, Florida, on September 21, 2023.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

Jax-7

c:    Counsel of Record
      Alexandria Williams, Assistant General Counsel for the
      Department (via electronic service)

4